## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Virgil Campbell, | Civ. No. 20-2498 (DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND SECOND MOTION TO COMPEL** |
| Experian Information Solutions, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Second Motion to Compel (Doc. No. 97), and Plaintiff's Motion to Modify the Scheduling Order (Doc. No. 88). The Court heard oral argument on the matters on November 9, 2021. For the reasons stated on the record, as delineated below, the Court denies Plaintiff's Second Motion to Compel and denies without prejudice Plaintiff's Motion to Modify the Scheduling Order.

### I. Plaintiff's Second Motion to Compel (Doc. No. 97)

As stated on the record, the *part* of Plaintiff's Second Motion to Compel to complete responses to requests for production ("RFP") 16 and 27 is **DENIED AS MOOT**. However, as stated at the November 9, 2021 hearing, Defendant agreed to provide supplemental responsive documents consistent with this Court's September 2, 2021 Order and further directive at the November 9, 2021 hearing. This includes the emails at issue. Further, Defendant agreed to produce a privilege log describing any documents withheld from the supplemental production(s) on the grounds of privilege or work production protection. The other *part* of Plaintiff's Second Motion seeking to compel another Rule 30(b)(6) deposition of Defendant's corporate representative on the

grounds that the designee was unprepared is **DENIED**. As stated on the record, Plaintiff identified several topics in his motion, including topics 3–4, 12–16, and 19–23; however, there is no evidence that the designee failed to answer a question that fell under these topics. Finally, the Court **DENIES** the *part* of Plaintiff's motion for sanctions; however, this decision presumes that Defendant complies with the Court's September 2, 2021 Order and the further directive discussed at the November 9, 2021 hearing, consistent with this Order.

## II.     Plaintiff's Motion to Modify the Scheduling Order (Doc. No. 88)

As stated on the record, Plaintiff's Motion to Modify the Scheduling Order is **DENIED** without prejudice. That said, as discussed in the November 9, 2021 hearing, Plaintiff may seek to amend the Pretrial Scheduling Order to permit another Rule 30(b)(6) deposition to inquire about any document that was produced pursuant to this Court's September 2, 2021 Order and in Defendant's supplemental document production as described above. Accordingly, following the completion of the supplemental production, Plaintiff's counsel must send Defendant's counsel a list of particularized topics based on the supplemental production. Then, as required by Rule 30(b)(6), counsel must meet and confer in good faith about the matters for examination and discuss the timing for the deposition. After the matters for examination are confirmed, counsel must jointly file a stipulated proposal for amending the scheduling order to allow the deposition.

# ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Second Motion to Compel (Doc. No. 97) is **DENIED**, as delineated above.

2. Plaintiff's Motion to Modify the Scheduling Order (Doc. No. 88) is **DENIED** without prejudice[1], as delineated above.

3. Consistent with the Court's rulings, counsel must meet and confer to set a schedule for the following:

    a. Date by which Defendant will produce its supplemental document production and any privilege log.

    b. Date by which Plaintiff will send Defendant's counsel a list of particularized topics based on the supplemental production.

    c. Date by which counsel agree to meet and confer about the topics and date for a Rule 30(b)(6) deposition.

    d. Date by which counsel agree to jointly file a stipulated proposal for amending the Pretrial Scheduling Order to allow the Rule 30(b)(6) deposition no later than 3 days following the meet and confer.

---

[1] As discussed at the hearing, the Court's ruling does not preclude Plaintiff from seeking further amendments to the Pretrial Scheduling Order to permit other fact discovery relating to the supplemental discovery; however, at this time the Court believes that a follow-up Rule 30(b)(6) deposition on the supplemental document production should be sufficient.

e.  The parties must file their agreed upon schedule in a joint letter no later than **November 15, 2021**.

Date: November 10, 2021         *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                U.S. Magistrate Judge